UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| S. KEITH MIYABARA ] | |
|     Plaintiff, ] | |
| ] | No.3:12-cv-0831 |
| v. ] | (No. 3:12-mc-0049) |
| ] | Judge Campbell |
| FEDERAL NATIONAL MORTGAGE ] | |
| ASSOCIATION ] | |
|     Defendant. ] | |

**O R D E R**

The Court has before it a *pro se* "Emergency Motion/Petition/Complaint" (Docket Entry No.1) and an application to proceed in forma pauperis (Docket Entry No.7).

The plaintiff is a resident of Thompson Station, Tennessee. It appears from the application that he lacks sufficient financial resources from which to pay for the filing of his Motion. Therefore, the plaintiff's application to proceed in forma pauperis is GRANTED.

According to the Motion, a judicial proceeding was held in Williamson County.[1] Following this proceeding, the plaintiff's home

---

[1] The plaintiff has not specifically identified which judicial proceeding led to his claims. However, he makes mention of "Judge Tim Easter" and the Williamson County Courthouse. *See* Docket Entry No.2 at pg.17. The Honorable Timothy Easter is a Circuit Court Judge in Williamson County.

1

was foreclosed upon, the plaintiff and his family were evicted from the premises, and the property was sold at a trustees' sale. The plaintiff alleges that the defendant used the judicial proceeding as a means to "steal a home through a legal means and re-sell it." Docket Entry No.1 at pg.4.

In a series of Supreme Court cases, it was held that a federal district court lacks jurisdiction to entertain a challenge to a state court decision arising out of a judicial proceeding, even if the challenge alleges that the state court action was unconstitutional. These holdings are more commonly known as the Rooker-Feldman doctrine. This doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

In this case, the plaintiff claims that the state court should not have allowed the defendant to foreclose upon his residence and force his family's eviction in such a way as to violate their constitutional rights. The Rooker-Feldman doctrine provides that this Court has no appellate jurisdiction to review and possibly correct the state court judgment that lies at the heart of plaintiff's complaint. The Court, therefore, lacks the jurisdiction needed to adjudicate the plaintiff's claims.

2

In the absence of subject matter jurisdiction, the plaintiff's Motion is DENIED and the instant action is hereby DISMISSED.

It is so ORDERED.

_____
Todd Campbell
United States District Judge